IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA CHAVEZ,

       Plaintiff,

vs.                                                         No. CIV 10-0507 RB/WDS

LOS LUNAS PUBLIC SCHOOL DISTRICT,
EX REL. BOARD OF EDUCATION, ED
HERNANDEZ, MARLA M. MAREZ,
FRANK A. OTERO, DAN GROSS,
CHRISTOPHER MARTINEZ,
and MARIO ZUNIGA, individually
and in his representative capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant Mario Zuniga's Motion to Reconsider His Motion to Dismiss Counts IV and V of Plaintiff's Second Amended Complaint or for Judgment on the Pleadings (Doc. 42), filed on November 24, 2010. Jurisdiction arises under 28 U.S.C. §§ 1331, 1343 (a)(4), and 1367. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I deny this Motion.

**I.    Background.**

In the Second Amended Complaint, Ms. Chavez alleged two state-law torts solely against Mr. Zuniga: (1) assault and battery (Count IV); and (2) tortious interference with contract (Count V). (Doc. 9, ¶¶ 83-94.) Notably, Ms. Chavez specifically alleged that Mr. Zuniga's "conduct was intentional and outside the course and scope of his employment." (Doc. 9, ¶¶ 87-93.) In his Memorandum in Support of the Partial Motion to Dismiss Plaintiff's Second Amended Complaint, Mr. Zuniga argued, *inter alia,* that these claims are barred by sovereign immunity because he acted

within the scope of duty as defined by the New Mexico Tort Claims Act (NMTCA), N.M. Stat. Ann. §§ 41-3-3(G) and 41-4-4(A). (Doc. 13.) The Court denied the motion on the ground that the record had not been sufficiently developed to determine whether or not Mr. Zuniga acted within the scope of his duty for purposes of the NMTCA. (Doc. 37.)

Mr. Zuniga moves for reconsideration of the Court's ruling on his Motion to Dismiss Counts IV and V of Plaintiff's Second Amended Complaint, or for judgment on the pleadings, on the grounds that Mr. Zuniga acted within the scope of duty as a matter of law. (Doc. 42.) Ms. Chavez filed a Response in opposition to the Motion to Reconsider His Motion to Dismiss Counts IV and V of Plaintiff's Second Amended Complaint or for Judgment on the Pleadings. (Doc. 44.) Mr. Zuniga filed a Reply in support of his Motion. (Doc. 47.)

## II.  Standard.

Pursuant to Federal Rule of Civil Procedure 54(b), a "court's disposition of a single claim in a suit involving multiple claims is subject to reconsideration until the entry of judgment on all of the claims, absent an explicit direction for the entry of judgment on the single claim." *First Am. Kickapoo Operations, LLC v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir. 2005) (*citing Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U . S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.1980) ("[T]he court retains the power to alter rulings until final judgment is entered on a cause.").

The ruling at issue adjudicated fewer than all the claims and fewer than all the rights and liabilities of the parties. *See* Fed. R. Civ. P. 54(b). Under these circumstances, the Court has discretion to revise these ruling at any time prior to entry of final judgment. *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (stating district court has "general discretionary authority

to review and revise interlocutory rulings prior to entry of final judgment."). The Court finds is appropriate to exercise its discretion to revisit the prior ruling in this matter.

**III.     Discussion.**

The NMTCA provides that "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by . . . Sections 41-4-5 through 41-4-12 NMSA 1978." N.M. Stat. Ann § 41-4-4(A). Ms. Chavez does not assert any NMTCA exception applies to the claims at issue. Rather, she contends that Mr. Zuniga was not acting within the scope of duty when he committed the alleged torts.

The NMTCA defines "scope of duty" as "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. § 41-4-3(G). Notably, the scope of duty is not limited to acts "officially requested, required or authorized because, contrary to legislative intent, it would render all unlawful acts, which are always unauthorized, beyond the remedial scope of the [NM]TCA." *Celaya v. Hall*, 135 N.M. 115, 121, 85 P.3d 239, 245 (2004). In order for an act to be within the scope of duty "there must be a connection between the public employee's actions at the time of the incident and the duties the public employee was 'requested, required or authorized' to perform." *Id*. (*citing* N.M. Stat. Ann. § 41-4-3(G)).

"Whether an employee is acting within the scope of duties is a question of fact[.]" *Celaya*, 135 N.M. 122, 85 P.3d 249. In *Celaya*, the issue was whether a volunteer chaplain with the Bernalillo County Sheriff's Department, who had been given a vehicle to drive to and from official functions, was acting within the scope of his duties when he ran over a teenager's foot in a parking lot. *See Celaya*, 135 N.M. at 121, 85 P.3d at 245. The only evidence that the chaplain was driving to or from an official function was that it was his habit to only use the vehicle for work and he could

not remember whether he had been stopping off for an errand while on the way to or from an official event when the incident occurred. *Id.* The New Mexico Supreme Court held the issue of whether the tortious act was committed within the scope of duty presented a jury question and reversed the trial court's grant of summary judgment on that issue. *Celaya*, 135 N.M. at 122, 85 P.3d at 246.

In his Motion for Reconsideration, Mr. Zuniga contends that the allegations "clearly establish that the allegedly offensive conduct occurred in the course of Defendant performing his duty in supervising Plaintiff" and the actions were in the scope of duty as a matter of law. (Doc. 42 at 5.) In support of this assertion, Mr. Zuniga relies on *Henning v. Rounds*, 142 N.M. 803, 171 P.3d 317 (Ct. App. 2007).

In *Henning*, the plaintiff, an elementary school teacher, brought suit after her supervisors placed her on a professional improvement plan and imposed other discipline. *Henning*, 142 N.M. 805-06, 171 P.3d 319-320. The discipline was based on classroom observations by the principal and other procedures "based upon statute or regulation". *Henning*, 142 N.M. 808, 171 P.3d 322. The New Mexico Court of Appeals determined that the supervisors acted within the scope of duties, and stated "we do not see any state of the facts as alleged by Plaintiff that would support a finding that Defendants were not acting within the scope of their duties as administrators for the school district." *Id.* Thus, the holding in *Henning* was based on the factual allegations in that case. *Henning* did not hold that the question of whether or not a public employee acted within the scope of duty was an issue of law. Consistent with the holding in *Celaya*, *Henning* stands for the proposition that whether an employee acted within the scope of duty presents a question of fact. *Henning*, 142 N.M. 808, 171 P.3d 322.

In this case, Ms. Chavez alleges Mr. Zuniga was the principal as the high school where she served as an assistant principal and, in his role as her direct supervisor, Mr. Zuniga sexually harassed

her and retaliated against her for reporting the harassment. More specifically, she alleges that, after a meeting, Mr. Zuniga blocked Ms. Chavez from leaving his office, forcefully pressed his body against her, and kissed her. (Second Am. Compl. ¶ 19.) After LLPS asked Mr. Zuniga to sign an agreement that he would cease further sexual harassment of Ms. Chavez, Mr. Zuniga began to retaliate against Ms. Chavez, berated her, and tried to have her fired unjustly. (Second Am. Compl. ¶ 41.) Mr. Zuniga's campaign of retaliation against Ms. Chavez lasted for five months and ultimately forced her to resign. (Second Am. Compl. ¶¶ 44; 50.)

Whether an employee acts within the scope of duty is a question of fact, and summary judgment, and by extension dismissal, is inappropriate unless "only one reasonable conclusion can be drawn" from the facts presented. *Celaya*, 135 N.M. at 121, 85 P.3d at 245 (citation omitted). Ms. Chavez' allegations are such that the facts, when developed, could plausibly show that Mr. Zuniga used his position of authority to sexually harass and retaliate against Ms. Chavez to the point that she was compelled to resign. At this stage of the proceedings, it would be inappropriate to dismiss the claims against Mr. Zuniga as barred by the NMTCA. The Court's prior determination stands and the request for reconsideration is denied. In that Mr. Zuniga's arguments have been addressed herein within the context of the request for reconsideration, there is no need to repeat the analysis in the context of a motion for judgment on the pleadings.

**THEREFORE,**

**IT IS ORDERED** that Defendant Mario Zuniga's Motion to Reconsider His Motion to Dismiss Counts IV and V of Plaintiff's Second Amended Complaint or for Judgment on the Pleadings (Doc. 42), filed on November 24, 2010, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**